# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Achille Hassun Walker, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 570 C.D. 2020 |
| | : | Submitted: December 4, 2020 |
| Pennsylvania Parole Board, | : | |
| Respondent | : | |

BEFORE:    **HONORABLE RENÉE COHN JUBELIRER,** Judge
**HONORABLE P. KEVIN BROBSON,** Judge[1]
**HONORABLE CHRISTINE FIZZANO CANNON,** Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                      **FILED:  March 24, 2021**

Achille Hassun Walker (Walker) petitions for review of a May 28, 2020 Order of the Pennsylvania Parole Board (Board) that affirmed the Board's actions mailed on June 6, 2018, and June 13, 2018, recommitting Walker as a convicted parole violator (CPV) to serve 36 months of backtime and denying him credit for time spent at liberty on parole, also known as street time.  Walker is represented by appointed counsel, Kent D. Watkins, Esquire (Counsel).  Counsel has filed an Application to Withdraw as Counsel (Application to Withdraw) and a No-Merit Letter, which are based on his conclusion that Walker's Petition for Review is without merit.  For the

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Brobson became President Judge.

following reasons, we grant Counsel's Application to Withdraw and affirm the Board's May 28, 2020 Order.

Walker was initially sentenced on December 28, 2005, to three to six years' imprisonment at a state correctional institution (SCI) for his conviction of manufacture, sale, delivery, or possession with intent to deliver drugs, unsworn falsification to authorities, false identification to law enforcement, and disorderly conduct. (Sentence Status Summary, Certified Record (C.R.) at 1.) On November 8, 2006, Walker pled guilty to an additional count of manufacture, sale, delivery, or possession with intent to deliver drugs, and was sentenced to an additional three to six years' imprisonment, to be served consecutively to his initial sentence. (*Id.*) On August 4, 2010, the Board paroled Walker from his original sentence, which, based on the combined consecutive sentences he received, had a maximum date of August 4, 2016, and he was released on January 3, 2011. (C.R. at 7.) On May 13, 2015, the Pennsylvania State Police searched Walker's approved residence and discovered a firearm in his possession. (Technical Violation Arrest Report, C.R. at 11; Notice of Charges and Hearing, C.R. at 12.) The next day, May 14, 2015, the Board issued a warrant to commit and detain Walker for violating his parole. (*Id*. at 10.) That same day, the Pennsylvania State Police arrested Walker, alleging that he possessed a firearm in violation of the conditions of his parole. (Technical Violation Arrest Report, C.R. at 11.)

By notice dated May 20, 2015, the Board charged Walker with a technical parole violation for knowingly possessing a firearm. (C.R. at 12.) That same day, Walker waived his rights to be represented by counsel and to preliminary and violation hearings, and he admitted to his technical violation. (*Id*. at 14.) By action mailed on June 16, 2015, the Board recommitted Walker as a technical parole

2

violator (TPV) to serve six months of backtime. (*Id*. at 86-88.) On June 18, 2015, Walker filed an Administrative Remedies Form challenging the Board's decision to recommit him as a TPV. (*Id*. at 97-98.) By action mailed August 5, 2015, the Board affirmed its June 16, 2015 order. (*Id*. at 101-02.)

On June 9, 2015, prior to the Board's order recommitting Walker as a TPV, the Pennsylvania State Police and the Berks County District Attorney filed a criminal complaint against Walker in Berks County, charging him with 12 counts of possession of a controlled substance with intent to deliver, and 1 count each of furthering a corrupt organization, conspiracy to further a corrupt organization, criminal use of a communication facility, dealing in proceeds of unlawful activity, and unlawful possession of a firearm. (*Id*. at 16-22.) Bail for Walker's new charges was set at $100,000 on June 24, 2015, and Walker did not post bail. (Criminal Docket, C.R. at 110, 112.) On July 15, 2015, Walker waived his rights to counsel, a detention hearing, and a panel hearing. (C.R. at 95-96.) By action recorded on August 26, 2015, the Board modified its June 16, 2015 order by adding that it would detain Walker pending resolution of the new charges and changing the reparole portion of the June order to now read that Walker was automatically reparoled on November 14, 2015, pending disposition of the outstanding criminal charges. (*Id*. at 113.) On August 4, 2016, Walker's original maximum sentence date, the Board lifted its detainer, and Walker was granted unsecured bail on the new criminal charges against him in Berks County. (Criminal Docket, C.R. at 114, 119.)

On February 13, 2018, Walker pled guilty to criminal use of a communication facility and one count of conspiracy related to the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, and the remaining charges were dismissed. (Criminal Docket, C.R. at 123-24.) He was

sentenced to 5 years of probation and 11 months, 15 days to 23 months of incarceration in a Berks County facility. (*Id.*, C.R. at 123.) The Board issued a new warrant to commit and detain Walker on April 11, 2018, based on his new conviction, noting that his original maximum sentence date, which had passed, would be recalculated "upon recording of the Board's final action." (C.R. at 136.) The Board then issued a Notice of Charges and Hearing based on his new conviction, and Walker waived his rights to counsel and to panel and revocation hearings, and he admitted to his new conviction. (*Id.* at 137, 141-42.)

A hearing examiner recommended recommitting Walker as a CPV to serve 36 months of backtime and denying Walker credit for time spent at liberty on parole. (Revocation Hearing Report, C.R. at 149, 153.) The hearing examiner based this recommendation on the fact that Walker "was on parole for drug[-]related crimes and was convicted of felony drug[-]related crimes[] that occurred while he was on parole. In addition, [Board] agents found [Walker] to be in possession of a firearm." (*Id.* at 153.) The hearing examiner signed the Revocation Hearing Report on April 24, 2018, and, on May 10, 2018, a Board member executed the Revocation Hearing Report, noting that the Board agreed with the hearing examiner on denying credit for time spent at liberty on parole. (*Id.* at 148, 153.)

By action mailed on June 6, 2018, the Board deleted the automatic reparole provisions in its earlier orders, referred to its prior orders recommitting Walker as a TPV to serve 6 months of backtime, and recommitted Walker as a CPV to serve 36 months of backtime concurrently, when available, pending parole from or completion of his Berks County sentence. (*Id.* at 154-55.) The Board's June 6, 2018 action did not recalculate Walker's maximum sentence date or state whether the Board awarded Walker credit for time spent at liberty on parole. By Notice of Board

4

Decision, mailed on June 13, 2018, the Board denied Walker credit for street time and recalculated his maximum sentence date as October 1, 2023. (*Id*. at 160-61.) The Notice also stated that Walker would not be eligible for reparole until March 1, 2021. (*Id*. at 160.)

On June 19, 2018, Walker filed a pro se Administrative Remedies Form and attached a Request for Administrative Review concerning the Board's orders mailed on June 6 and June 13, 2018. (*Id*. at 162-66.) Walker alleged that the Board abused its discretion in recommitting him for a period of 36 months, which he claimed exceeded the time remaining on his original sentence, and that the Board erred in issuing its June 6, 2018 recommitment order without simultaneously determining whether to grant Walker credit for street time. (*Id*. at 164-65.) He asserted that the Board's June 13, 2018 order denying him credit for street time was insufficient to repair this alleged error in the June 6, 2018 order and also suggested that the Board erred in denying him credit because his new conviction was not for a "crime of violence." (*Id*. at 165.) Walker also argued that the Board's reliance on his possession of a firearm in denying him street time credit constitutes double jeopardy because the Board first relied on that violation to recommit him as a TPV. (*Id*. at 165-66.) Finally, he asserted that the Board failed to credit him with all of the time for which he was detained solely on its warrant. (*Id*. at 164.)

The Board responded to Walker's Request for Administrative Review on May 28, 2020, and affirmed its June 6 and June 13, 2018 decisions. (*Id*. at 177-79.) The Board first explained that it acted within its discretion in denying Walker credit for street time and that it provided legally sufficient reasons for that decision. (*Id*. at 177-78.) It further stated that its June 6, 2018 decision to recommit Walker as a CPV authorized its later decision to deny credit and recalculate his maximum

sentence date. (*Id.* at 178.) The Board also explained how it recalculated Walker's maximum sentence date, noting that Walker received 41 days of presentence credit for the period of May 14, 2015, to June 24, 2015, when he was detained solely on the Board's detainer. (*Id.*) Subtracting 41 days from the 2,040 days remaining on Walker's original sentence resulted in 1,999 days remaining on his original sentence. Adding 1,999 days to Walker's custody for return date of April 11, 2018, yielded a new maximum date of October 1, 2023. (*Id.*) As for Walker's claim regarding his recommitment term, the Board explained that it was authorized to recommit Walker as a CPV for up to 48 months based on his particular convictions and that the 36-month term it imposed is within the presumptive range established by the Board's regulations and, therefore, not subject to challenge. (*Id.*) The Board did not directly address Walker's double jeopardy argument.

Walker, with the assistance of Counsel, filed his Petition for Review in this Court on June 22, 2020. Therein, he challenged the Board's May 28, 2020 affirmance of its June 6 and June 13, 2018 orders on two bases. First, Walker argued that the Board erred by "fail[ing] to give [him] credit for all [of the] time served exclusively to its warrant." (Petition for Review ¶ 5.) Second, he asserted that the Board "abused its discretion by failing to give [Walker] credit for all time in good standing on parole." (*Id*. ¶ 6.)

On September 29, 2020, Counsel filed the Application to Withdraw on the basis that the Petition for Review lacks merit. In support, Counsel also filed the No-Merit Letter, which he sent to Walker and the Board, along with the Application to Withdraw, detailing his review of the Certified Record and relevant law. After summarizing the relevant factual and procedural history, Counsel addressed the issues Walker raised in the Petition for Review, as well as the other issues Walker

6

raised in his administrative appeal to the Board. Regarding presentence confinement credit, Counsel pointed out that the Board credited Walker with the 41 days he was detained between May 14, 2015, when Walker was initially detained on the Board's warrant, and June 24, 2015, when bail was set on his new charges, which he failed to post, causing him to be detained on the new charges. (No-Merit Letter at 10.) Counsel also explained that Walker remained detained on the Berks County charges, not the Board's warrant alone, until he reached the maximum date of his initial sentences, when he was granted unsecured bail and released on August 4, 2016. (*Id.*; *see* C.R. at 128.) Based on these facts, Counsel concluded that the Board correctly credited Walker with the 41 days of presentence confinement that was solely due to the Board's warrant. Regarding credit for street time, Counsel stated that the Board has discretion to award or deny credit for street time where, as here, the new conviction is not for a violent offense. (No-Merit Letter at 7-8.) Counsel explained that the Board's June 13, 2018 order provides contemporaneous reasons for the Board's exercise of discretion to deny credit as required under the Pennsylvania Supreme Court's decision in *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017). (No-Merit Letter at 9.)

Counsel also addressed the other arguments Walker raised in his administrative appeal to the Board. Citing Section 6138(a)(2.1) of the Prisons and Parole Code (Code), 61 Pa.C.S. § 6138(a)(2.1), Counsel stated that the Board's June 6 order recommitting Walker as a CPV was an interim order, which authorized its June 13 order denying credit for street time and recalculating Walker's maximum sentence date. (*Id.* at 7-9.) Concerning Walker's recommitment term, Counsel concluded that, because the length of the 36-month term is within the combined presumptive range for the two offenses of which Walker was convicted, it is not

7

subject to judicial review. (*Id.* at 10-11). Counsel also explained that the recommitment term, which is 1,095 days in length, does not exceed the remainder of Walker's original sentence, which was 1,999 days at the time he was released on parole. (*Id.* at 11.) Finally, Counsel addressed the Board's reliance on Walker's possession of a firearm in denying him street time credit and concluded that this did not constitute a second punishment for the same offense. (*Id.*) In support, Counsel observed that, although the Board relied on Walker's firearm possession to guide its discretionary decision to deny credit for street time, its decision to recommit him as a CPV was based on his "new conviction[,]" not his firearm possession. (*Id.*)

Having concluded that the Petition for Review lacks merit, Counsel informed Walker of his right to hire another attorney or to file a brief on his own behalf raising any new points he might deem worthy of consideration. (Application to Withdraw ¶¶ 7-8; No-Merit Letter at 12.) Counsel also served Walker with this Court's September 30, 2020 order informing Walker that he could obtain substitute counsel at his own expense or file a brief on his own behalf. Walker did not file a brief on his own behalf.

Before appointed counsel may withdraw from representation in a case in which the right to counsel does not derive from the United States Constitution, such as here, counsel must submit a *Turner* or no-merit letter that must contain: (1) the nature and extent of counsel's review; (2) the issues the petitioner wishes to raise; and (3) counsel's analysis in concluding that the petitioner's appeal is without merit. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009). In addition, counsel must send the petitioner a copy of the no-merit letter, "a copy of counsel's petition to withdraw," and a statement advising the petitioner of his right to proceed with new counsel or

8

pro se. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). Once counsel satisfies the procedural requirements of *Turner*, this Court will "conduct its own review of the merits of the case." *Id.* (citation omitted).

Counsel has complied with the procedural requirements of *Turner*. As we have set forth above, Counsel has explained the nature and extent of his review of the record, addressed the issues Walker raised in his Petition for Review and in his administrative appeal to the Board, and provided a thorough analysis of those issues and Counsel's reasons for concluding that they lack merit. Counsel served copies of both the Application to Withdraw and the No-Merit Letter on Walker and the Board. In the No-Merit Letter, and additionally, by serving Walker with the Court's September 30, 2020 order, Counsel informed Walker that he could retain substitute counsel or file a brief on his own behalf. Thus, Counsel has satisfied the procedural requirements of *Turner*, and we now turn to Walker's arguments that the Board erred in its May 28, 2020 Order.[2]

### 1. Whether the Board erred by crediting 41 days of Walker's presentence confinement toward his original sentence.

In *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980), the Pennsylvania Supreme Court held that if the parolee has met bail on the new charges but remains in custody solely on the Board's detainer, then the time the parolee spends in custody "shall be credited against [the] original sentence." On the other hand, if the parolee "remains incarcerated prior to trial because [the parolee] has failed to satisfy bail requirements on the new criminal charges, then the

---

[2] Our standard of review in parole revocation cases "is limited to determining whether the Board committed a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence." *Lee v. Pa. Bd. of Prob. & Parole*, 885 A.2d 634, 637 (Pa. Cmwlth. 2005) (citing *Slaymaker v. Pa. Bd. of Prob. & Parole*, 768 A.2d 417 (Pa. Cmwlth. 2001)).

time spent in custody shall be credited to [the] new sentence." *Id.* Similarly, when a parolee "[i]s detained under both the Board's warrant and the new criminal charges, this time is properly allocated to [the] new criminal sentence . . . ." *Hammonds v. Pa. Bd. of Prob. & Parole*, 143 A.3d 994, 999 (Pa. Cmwlth. 2016). Only if "it is not possible to award all of the credit on the new sentence because the period of pre[]sentence incarceration exceeds the maximum term of the new sentence" may the excess time be applied to the parolee's original sentence. *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 355 (Pa. Cmwlth. 2007) (emphasis omitted).

Applying these rules here, the Board awarded Walker credit against his original sentence for the time he spent in custody solely on the Board's detainer. Walker was initially detained solely on the Board's warrant from his arrest on May 14, 2015, until he was arraigned on the new charges and bail was set on June 24, 2015, a period of 41 days. The Board credited these 41 days towards Walker's original sentence. (Order to Recommit, C.R. at 158.) The Board did not credit Walker's remaining presentence confinement time beginning on June 25, 2015, towards his original sentence because, at that time, Walker was detained on the new charges and on the Board's detainer. Therefore, the presentence confinement time beginning June 25, 2015, must be applied to his new sentence and, because there is no allegation that the remaining presentence confinement exceeds the maximum sentence on his new charges, Walker was not entitled to any further credit against his original sentence. *See Armbruster*, 919 A.2d at 355. For this reason, the Board did not err in crediting Walker only 41 days of presentence confinement time toward his original sentence. Walker's argument in this regard is therefore without merit.

10

**2. Whether the Board abused its discretion by denying Walker credit for time spent at liberty on parole.**

Section 6138(a)(2), (2.1) of the Code provides, in pertinent part, that

(2) If a [CPV's] recommitment is so ordered, the [CPV] shall be reentered to serve the remainder of the term which the [CPV] would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The [B]oard may, in its discretion, award credit to a [CPV] recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence . . . or a crime requiring registration under 41 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The [CPV] was recommitted under [S]ection 6143 [of the Code] (relating to early parole of inmates subject to Federal removal order).

61 Pa.C.S. § 6138(a)(2), (2.1). Our Supreme Court held in *Pittman* that Section 6138(a)(2) "clearly and unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence," other than in the enumerated exceptions. 159 A.3d at 473. The Supreme Court further held that "the Board must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole." *Id.* at 475. However, the Board's articulation of its basis "need not be extensive," and a single sentence usually will suffice. *Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207, 1211 (Pa. Cmwlth. 2019).

Walker does not challenge the sufficiency of the Board's stated reasons for denying him credit for time spent at liberty on parole, and it is clear that the Board

11

had the discretion, once it recommitted Walker as a CPV, to deny him credit for his street time. Although he did not file a pro se brief in support of his position, Walker argued in his Administrative Remedies Form that the Board erred in issuing its June 6, 2018 recommitment order without simultaneously determining whether to grant or deny Walker credit for his street time. He also claimed that the Board's later issuance of its June 13, 2018 order, containing the reasons for its decision to deny credit, was not sufficient to correct this error.

This Court has held that the Board complies with *Pittman* and no remand is required even where the Board fails to give a contemporaneous reason for denying street time but later corrects the error. *Smoak v. Talaber*, 193 A.3d 1160, 1164 (Pa. Cmwlth. 2018). In *Smoak*, the Board issued an order recommitting a CPV and not awarding credit for street time but did not provide the reason for doing so until its response to the petitioner's request for administrative review. We held that while it was error for the Board not to record a reason for denying credit in its decision recommitting the petitioner, the "matter [did] not need to be remanded to the [] Board to correct the error because the [] Board, after receiving [the petitioner's] administrative appeal, corrected its omission by modifying the recommitment order to include its reason for denying [the petitioner] credit for his street time." *Id.*

Here, the Board's recommitment of Walker occurred when the hearing examiner and one Board member signed the Revocation Hearing Report recommending Walker's recommitment as a CPV. *See Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 392 (Pa. Cmwlth. 2019) ("Parole revocation occurs once a hearing examiner and Board member or two Board members sign a hearing report recommitting a prisoner as a CPV."). In the Revocation Hearing Report, the hearing examiner recommended that the Board deny credit for street time and provided a

12

contemporaneous reason for that decision, *i.e.*, that Walker "was on parole for drug[-]related crimes and was convicted of felony drug[-]related crimes[] that occurred while he was on parole. In addition, [Board] agents found the offender to be in possession of a firearm."[3] (Revocation Hearing Report, C.R. at 153.) Accordingly, the Board complied with *Pittman*, because it effectively denied Walker credit for street time when a Board member signed the Revocation Hearing Report on May 10, 2018, which included a contemporaneous statement of the reason for the denial. Moreover, the Board's June 13, 2018 decision was the first time the Board expressly denied Walker credit for street time, which decision set forth the same contemporaneous statement of the reasons for the Board's denial as in the Revocation Hearing Report. We acknowledge that the earlier Notice of Board Decision mailed on June 6, 2018, did not state a reason for the Board's denial of credit, but it also did not expressly discuss credit for street time at all. To the extent that the Board's failure to discuss street time credit expressly in its June 6, 2018 action constitutes error, no remand is necessary because the Board corrected this error in its June 13, 2018 decision. *See Smoak*, 193 A.3d at 1164. Accordingly, because the Board complied with the dictates of *Pittman* and corrected its own error, Walker's argument in this regard is without merit.

To the extent that Walker argues that the Board abused its discretion by not crediting him the time he spent at liberty on parole because he did not commit a crime of violence or any of the crimes enumerated in Section 6138(a)(2.1)(i), this

---

[3] Although Walker does not challenge the legal sufficiency of the stated reasons, we note that we have found these precise reasons to be sufficient where, as here, they are consistent with the Certified Record. *See Barnes*, 203 A.3d at 390-91; *see also Williams v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1243 C.D. 2018, filed Aug. 21, 2019), slip op. at 10. Unreported opinions, such as *Williams*, are cited for their persuasive value in accordance with Pennsylvania Rule of Appellate Procedure 126, Pa.R.A.P. 126, and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

argument is without merit. That section provides that the Board must not award credit for time spent at liberty on parole to parolees who have committed those enumerated crimes. It does not limit the Board's ability to deny credit for time spent at liberty on parole. That decision is within the Board's discretion, *see Pittman*, 159 A.3d at 473, which, as we have discussed, the Board did not abuse. For these reasons, we cannot find that the Board abused its discretion by denying Walker credit for the time he spent at liberty on parole.

### 3. Whether the Board erred in recommitting Walker for a period of 36 months.[4]

The Pennsylvania Supreme Court has held that "[a]s long as the period of recommitment is within the presumptive range for the violation," this Court "will not entertain challenges to the propriety of the term of recommitment." *Smith v. Pa. Bd. of Prob. & Parole*, 574 A.2d 558, 560 (Pa. 1990). The presumptive ranges for parole violations are found in Section 75.2 of the Board's regulations, 37 Pa. Code § 75.2. The presumptive range for criminal use of a communication facility is 6 to 12 months.[5] *Id.* The presumptive range for conspiracy relates to the specific crime,

---

[4] Walker's arguments regarding recommitment and double jeopardy were raised before the Board and reiterated in the No-Merit Letter filed by Counsel. Therefore, the Court may address these issues under Rule 1513(d)(5) of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 1513(d)(5) (providing that the omission of an issue from a petition for review will not constitute waiver if the court is able to address it based on the certified record).

[5] We note that "criminal use of a communication facility" is not listed in Section 75.2 of the Board's regulation establishing presumptive ranges. The list is not exhaustive, however, and where an offense is not listed, the Board uses the presumptive range for a listed offense of similar severity. *Simpson v. Pa. Bd. of Prob. & Parole*, 556 A.2d 542, 543 (Pa. Cmwlth. 1989). Criminal use of a communication facility, which is codified as an offense at Section 7512 of the Crimes Code, 18 Pa.C.S. § 7512, is a third-degree felony. Similar third-degree felonies, such as criminal mischief, criminal trespass, and theft, carry presumptive ranges of 6 to 12 months. 37 Pa. Code § 75.2. We have affirmed Board decisions setting forth that presumptive range for this offense. *See Harvey v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1375 C.D. 2017, filed Sept. 7, 2018), slip **(Footnote continued on next page…)**

which here is the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance, which is punishable by a maximum of 15 years of imprisonment. *See* Section 13(a)(30), (f)(1) of The Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-113(a)(30), (f)(1).[6] Accordingly, the presumptive range for the conspiracy offense is 24 to 36 months. 37 Pa. Code § 75.2. Consequently, the maximum aggregate backtime for the two charges is 30 to 48 months. *Id.* Here, the Board's imposition of 36 months of backtime is within the presumptive range for parole violations resulting from these convictions. Therefore, in compliance with *Smith*, we will not disturb the Board's Order. Walker's argument on this issue is thus without merit.

Additionally, "[i]t is well-settled that the Board is not permitted to impose backtime which exceeds the entire remaining balance of [the] parolee's unexpired term." *Savage v. Pa. Bd. of Prob. & Parole*, 761 A.2d 643, 645 (Pa. Cmwlth. 2000). Here, the remaining balance of Walker's unexpired term, after applying credit, was 1,999 days. (Order to Recommit, C.R. at 158.) The Board imposed a recommitment term of 36 months, or 1,095 days. (Notice of Board Decision, C.R. at 154.) Accordingly, the amount of backtime the Board imposed did not exceed the remaining balance of Walker's judicially imposed sentence, and his argument to the contrary is without merit.

---

op. at 12; *Love v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 149 C.D. 2015, filed Dec. 3, 2015), slip op. at 5. Regardless, Walker does not challenge the presumptive range the Board applied.

[6] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(30), (f)(1).

15

**4. Whether the Board's recommitment constitutes double jeopardy or a second punishment for the same conduct.**

Initially, we note that the constitutional protection against double jeopardy applies only to criminal prosecutions and does not apply to purely administrative functions, such as parole revocation proceedings before the Board. *Rivenbark v. Pa. Bd. of Prob. & Parole*, 501 A.2d 1110, 1112-13 (Pa. 1985); *McClure v. Pa. Bd. of Prob. & Parole*, 461 A.2d 645, 647 (Pa. Cmwlth. 1983). "The Board does not convict the parolee of any crime at a parole revocation hearing. Rather it determines whether the parolee has violated the terms and conditions of [] parole . . . ." *Rivenbark*, 501 A.2d at 1112. Specifically concerning Walker's argument that he was twice punished for the same conduct, *i.e.*, possession of a firearm, we note that the Board's decision to deny credit for street time is an administrative decision that does not represent a punishment or extension of the sentence originally imposed. *Young v. Bd. of Prob. & Parole*, 409 A.2d 843, 847 (Pa. 1979) (Denying credit on a sentence for time spent on parole "represents a reasonable exercise of the penological responsibility and does not offend . . . constitutional guarantees . . . ."). Therefore, because neither the Board's decision to recommit Walker as a TPV nor its decision to deny credit for street time constitute a punishment, Walker's argument that he was twice punished for the same conduct is meritless.

Based upon the foregoing, we conclude that Walker's Petition for Review is wholly without merit. Accordingly, we grant Counsel's Application to Withdraw and affirm the Board's May 28, 2020 Order.

                                               _____

                                               **RENÉE COHN JUBELIRER,** Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Achille Hassun Walker,    :
     Petitioner  :
          :
          :
    v.     :  No. 570 C.D. 2020
          :
Pennsylvania Parole Board,   :
     Respondent :

# **O R D E R**

**NOW**, March 24, 2021, the Application to Withdraw as Counsel filed by Kent D. Watkins, Esquire, is **GRANTED**, and the May 28, 2020 Order of the Pennsylvania Parole Board is **AFFIRMED**.

            _____
            **RENÉE COHN JUBELIRER,** Judge