**Raymond RICE, Petitioner,**

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 27, 1995.

Decided Dec. 1, 1995.

---

Raymond Rice, and Frederick R. Gutshall, Chief Public Defender of Huntingdon County, for petitioner.

Artur R. Thomas, Assistant Chief Counsel, for respondent.

Before DOYLE and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Raymond Rice (Rice) appeals from a decision of the Pennsylvania Board of Probation and Parole (Board) denying him administrative relief from its revocation decision recommitting him to serve fifteen (15) months backtime as a convicted parole violator.

The facts are not in dispute. On April 7, 1988, Rice was paroled by the Board from a 3 to 6 year sentence which he was serving in a state correctional institute. On January 10, 1991, Rice was arrested and charged with a criminal drug offense.[1] Thereafter, on June 17, 1991, he pleaded guilty to the criminal offense and was sentenced to a term of 39 to 120 months in a state correctional institute. The Board, on December 16, 1991, recommitted Rice to serve 18 months backtime as a convicted parole violator based on his guilty plea.

On June 30, 1994, Rice was permitted to withdraw his guilty plea entered on June 17, 1991 relating to the charges arising out of his January 10, 1991 arrest.

---

1. We note that the Board lodged a detainer.

The Board, by order dated July 21, 1994, rescinded its recommitment order that Rice serve 18 months backtime on his original 3 to 6 year sentence.

On September 12, 1994, Rice again pleaded guilty to the charges arising out of his January 10, 1991 arrest and was again sentenced on November 1, 1994 to serve 39 to 120 months in a state correctional institute. Rice remained incarcerated throughout the foregoing proceedings.

■ On April 11, 1995, the Board recommitted Rice as a convicted parole violator to serve 15 months backtime based upon his September 12, 1994 guilty plea. Rice filed a request for administrative relief from the Board's April 11, 1995 decision, which, by letter dated June 6, 1995, the Board denied. Rice then appealed here.[2]

Rice argues that the Board erred when it recommitted him to serve 15 months backtime as a parol violator on April 11, 1995 because he had already served 18 months backtime based upon his original guilty plea which he later withdrew. We disagree and affirm the Board's decision.

■ Initially, we note the long standing principle that where a parolee is incarcerated following an arrest based upon new criminal charges and does not post bail, time spent in jail is not credited to the parolee's original sentence on recommitment as a convicted parole violator since parolee was not incarcerated solely on Board's warrant; pretrial confinement time is credited to the sentence received upon conviction of new charges or, if parolee is acquitted, time is credited to parole sentence. *Morrison v. Pennsylvania Board of Probation and Parole,* 578 A.2d 1381 (Pa.Cmwlth.1990); *Gaito v. Pennsylvania Board of Probation and Parole,* 488 Pa. 397, 412 A.2d 568 (1980).

■ Here, Rice, following his parole on April 7, 1988, was arrested on new criminal charges on January 10, 1991. He was incarcerated while awaiting the outcome on said charges; the outcome being that on September 12, 1994 he pleaded guilty to the charges and was sentenced to a term of 39 to 120 months on November 1, 1994. The record indicates that Rice did not post bail following his arrest on January 10, 1991. Therefore the time he spent incarcerated while awaiting trial and sentencing, i.e., the period from January 10, 1991 through November 1, 1994, should be credited toward the sentence he received upon conviction of said charges (39 to 120 months).[3] Rice's original guilty plea and sentencing and the Board's original recommitment of Rice to serve 18 months backtime were negated when he subsequently withdrew his guilty plea on June 30, 1994.

■ Therefore, the Board's revocation decision recorded on March 21, 1995 and mailed April 11, 1995, recommitting Rice to serve 15 months backtime as a convicted parole violator based upon his criminal conviction (i.e. his guilty plea entered September 12, 1994) was proper as the Board's previous order imposing 18 months backtime was null and void and the 18 months in which Rice spent incarcerated based thereon will be credited toward his new criminal sentence of 39 to 120 months.

Based on the foregoing, we affirm the Board's order dated June 6, 1995 denying Rice's request for administrative relief.

*ORDER*

AND NOW, this 1st day of December, 1995, the order of the Pennsylvania Board of

---

**2.** Our scope of review is limited to determining whether the necessary findings are supported by substantial evidence, whether the Board committed errors of law or a constitutional violation. *Johnson v. Pennsylvania Board of Probation and Parole,* 98 Pa.Cmwlth. 294, 511 A.2d 894 (1986).

**3.** We note that the Board, in its brief, admits that Rice is entitled to credit toward his new criminal sentence for the time he served while awaiting the outcome of the criminal charge against him.

The Board additionally notes that Rice should receive credit toward his new criminal sentence for the time period following his sentencing, November 1, 1994, through March 21, 1995, the date the Board recorded its recommitment order which was mailed on April 11, 1995. As the Board acknowledges that Rice is entitled to the foregoing credit toward his new criminal sentence, we need not enter an order directing the same.

**236** ■ ▮▮▮▮▮▮▮▮▮▮▮▮

Probation and Parole dated June 6, 1995 is affirmed.