John Eric SLAYMAKER, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 22, 2000.
Decided Feb. 27, 2001.

Stephen F. Delano, West Chester, for petitioner.

Susan M. Zeamer, Harrisburgh, for respondent.

Before SMITH and KELLEY, Judges, RODGERS, Senior Judge.

KELLEY, Judge.

John Eric Slaymaker (Slaymaker) appeals from an order of the Pennsylvania Board of Probation and Parole which denied his request for administrative relief. We affirm.

Slaymaker was originally sentenced on August 10, 1990 to a term of three to ten years for the offense of Arson. The sentence had a minimum expiration date of August 10, 1993 and a maximum expiration date of August 10, 2000. After an original parole and recommitment, Slaymaker was reparoled from this sentence on February 8, 1999.

On June 29, 1999, Slaymaker was arrested on new criminal charges. Slaymaker did not post bail. The following day, the Board issued a warrant to commit and detain Slaymaker based upon these charges. On December 13, 1999, Slaymaker pled guilty as part of a plea bargain to Driving Under the Influence and Criminal Mischief. The other charges relating to the June 29, 1999 arrest were withdrawn. Slaymaker was sentenced to a term of thirty days to twenty-three months and was paroled.

As a result of the new conviction, a revocation hearing was held on January 24, 2000. Subsequently, the Board, by decision mailed March 30, 2000, ordered that Slaymaker be recommitted as a convicted parole violator for a period of eight months with a parole review to follow.

■ Slaymaker filed a timely request for administrative relief of the Board's decision requesting a recomputation of time.

Slaymaker argued that the Board erred by failing to give Slaymaker credit for time served from July 29, 1999 to December 13, 1999, a period of 138 days, against his original sentence. Slaymaker alleged that he is entitled to this credit as part of his plea bargain agreement. By decision dated June 6, 2000, the Board denied Slaymaker's request. This appeal now follows.[1] The issue presented for our review is whether a state parolee should be given credit towards his state parole balance for time spent incarcerated on a state parole detainer prior to his conviction on new charges when the parolee did not post bail, and pursuant to a plea bargain, the parolee was not given credit for time spent incarcerated towards his new charges.

■ Slaymaker contends that he is entitled to have 138 days of the 168 days that he served on the new criminal charges applied to his state parole sentence as this was part of his plea bargain agreement. We disagree.

In support of his position, Slaymaker relies upon *Feilke v. Pennsylvania Board of Probation and Parole*, 167 Pa.Cmwlth. 381, 648 A.2d 121 (1994), and *Commonwealth v. Zuber*, 466 Pa. 453, 353 A.2d 441 (1976), for the proposition that he is entitled to the benefit of his bargain on entering a plea agreement. Additionally, Slaymaker has presented affidavits from his defense attorney and the prosecuting attorney that the intent of the plea agreement was that Slaymaker would be credited with time served against his state parole violation. This understanding was stated in open court.[2]

Q Other than what is contained in this agreement, has anyone promised you anything to get you to plead guilty?
A Just that the thirty days I could get, leaving five months toward my state time, because I have been incarcerated for six months.
Q Hearing that, has anyone promised you anything?
A No.
Hearing Transcript, December 12, 1999, pp. 5–6.

---

1. Our scope of review is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law was committed, or whether constitutional rights of the parolee were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Shaffer v. Pennsylvania Board of Probation and Parole*, 675 A.2d 784 (Pa. Cmwlth.1996).

2. The colloquy between the trial court and Slaymaker is as follows:

Although the terms of the plea agreement were stated in open court and agreed to by the parties, it does not appear that the trial court accepted this term. The trial court's acceptance of the plea merely states that Slaymaker will be given credit for time served from June 29, 1999 until July 28, 1999 towards his new sentence and does not order the Board to credit any time towards Slaymaker's original sentence. Even if this Court were to determine that the trial court did accept this term as a condition of Slaymaker's plea, such a term would not be enforceable against the Board.

■■■ The determination of how to apply pre-sentence custody when a sentence is imposed for a crime committed during the period a defendant is on parole is vested with the Board, not the prosecuting attorney or sentencing court. *Feilke. See Hayes v. Pennsylvania Board of Probation and Parole*, 660 A.2d 691 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 542 Pa. 676, 668 A.2d 1138 (1995). Moreover, it is well established that backtime shall be credited to a convicted parole violator's original term *only* when he has satisfied bail requirements for the new offense and, thus, remains incarcerated *solely* by reason of the board's detainer. *Gaito v. Pennsylvania Board of Probation and Parole*, 128 Pa.Cmwlth. 253, 563 A.2d

545 (1989), *petition for allowance of appeal denied*, 525 Pa. 589, 575 A.2d 118 (1990). Only if the offender is acquitted of the new charge, sentenced to probation or the charges are nolle prossed would the pre-sentence confinement time be credited to the offender's original sentence even if bail had not been posted on the new criminal charge. *Id.*

Having failed to post bail, Slaymaker is not entitled to have the pre-sentence custody credit applied to his original sentence. *Gaito.* We, therefore, conclude that the Board did not err in refusing to credit this time to Slaymaker's original sentence.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 27th day of February, 2001, the order of the Pennsylvania Board of Probation and Parole, at Parole No. 6579–X, dated June 6, 2000, is hereby affirmed.