**Daniel HAROLD, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 1, 2002.

Decided April 10, 2002.

Maribeth Schaffer, Ebensburg, for petitioner.

Robert A. Greevy, Harrisburg, for respondent.

Before SMITH RIBNER, J., SIMPSON, J., and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Daniel Harold (Harold) appeals from an order of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief. We affirm.

Harold was originally sentenced on November 24, 1986 to a term of eight to sixteen years for the offense of robbery. Certified Record (C.R.) at 1. The sentence had a minimum expiration date of September 17, 1993 and a maximum expiration date of September 17, 2001. *Id.* After an original parole and recommitment, and a reparole and recommitment, Harold was again reparoled from this sentence on July 13, 1998. C.R. at 23, 28.

On November 1, 2000, Harold was arrested on new criminal charges. Harold did not post bail. C.R. at 28. On November 11, 2000, the Board issued a warrant to commit and detain Harold based upon these charges. C.R. at 33. On March 16,

2001, Harold was convicted of simple assault and was sentenced to twelve months probation. C.R. at 34.

As a result of the new conviction, a revocation hearing was held on May 9, 2001. C.R. at 39. Subsequent to the hearing, the Board, by decision dated July 19, 2001, ordered that Harold be recommitted as a convicted parole violator for a period of nine months with a parole review to follow. C.R. at 71. The maximum expiration date of his original sentence was modified to September 19, 2003. C.R. at 70, 71.

Harold filed a timely request for administrative relief of the Board's decision requesting a recomputation of time on the basis that the Board erred by failing to give Harold credit for time served from November 1, 2000 to March 16, 2001 against his original sentence. C.R. at 73. By decision mailed September 21, 2001, the Board denied Harold's request. C.R. at 81. The Board explained that, because Harold did not post bail, he was not entitled to credit on the original sentence for the period of time from the date of arrest to the date of the sentence. Id. This appeal now follows.[1] The issue presented for our review is whether the Board erred by denying Harold credit toward his original sentence for time he spent in custody on new criminal charges when Harold was only sentenced to probation.

Relying upon this Court's decision in Slaymaker v. Pennsylvania Board of Probation and Parole, 768 A.2d 417 (Pa. Cmwlth.2001), Harold contends that, even though he did not post bail, he is entitled to have the time that he served in custody on the new criminal charges applied to his

original sentence because he was only sentenced to probation. We disagree.

In Slaymaker, this Court examined the issue of whether a state parolee should be given credit towards his state parole balance for time spent incarcerated on a state parole detainer prior to his conviction on new charges when the parolee did not post bail, and pursuant to a plea bargain, the parolee was not given credit for time spent incarcerated towards his new charges. 768 A.2d 417. This Court found that although the terms of the plea agreement were stated in open court, the trial court did not accept the term that the parolee would be given credit for time served towards his original sentence and that even if the trial court had, such a term would not be enforceable against the Board. Id. Although this Court stated that "only if the offender is acquitted of the new charge, sentenced to probation or the charges are nolle prossed would the presentence confinement time be credited to the offender's original sentence even if bail had not been posted on the new criminal charge" (768 A.2d at 419), Slaymaker did not involve a sentence of probation. The quoted language relied upon is mere dicta in the case and is not controlling.

Instead, this case is controlled by Smarr v. Pennsylvania Board of Probation and Parole, 748 A.2d 799 (Pa.Cmwlth.2000), which squarely addresses the issue of whether a parolee is entitled to credit toward his original sentence for time spent in custody on new criminal charges, even though bail was not posted, when the new charges result in a sentence of probation only, with no incarceration. In Smarr, a parolee was arrested on new criminal

---

1. Our scope of review is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law was committed, or whether constitutional rights of the parolee were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; Shaffer v. Pennsylvania Board of Probation and Parole, 675 A.2d 784 (Pa. Cmwlth.1996).

charges, did not post bail, and was ultimately convicted on the new charges and sentenced to twelve months probation. On appeal to this Court, the parolee argued that he was entitled to credit on his original sentence because he only received a sentence of probation, not incarceration. The Court recited the general rule that backtime shall be credited to a convicted parole violator's original term *only* when he has satisfied bail requirements for the new offense and, thus, remains incarcerated *solely* by reason of the board's detainer. *Gaito v. Pennsylvania Board of Probation and Parole,* 488 Pa. 397, 404, 412 A.2d 568, 571 (1980). The Court recognized that if a defendant is *not convicted* or if *no new sentence* is imposed for that conviction on the new charges, the pretrial custody time will be applied to the parolee's original sentence, even where bail has not been posted. *Smarr.* The Court determined that a "sentence" is not limited to a period of incarceration and includes a sentence of probation. *Id.* Accordingly, we held that where a parolee is convicted and sentenced to a period of probation, pretrial custody time will be credited to the parolee's original sentence only where bail has been satisfied. *Id.*

In the case before us, Harold did not post bail and was being held in custody as a result of the new criminal charge. Harold was convicted on the new charge and sentenced to twelve months probation. Having failed to post bail and having been convicted and sentenced on the new criminal charge, Harold is not entitled to have the pre-sentence custody credit applied to his original sentence. We, therefore, conclude that the Board did not err in refusing to credit this time to Harold's original sentence.

Accordingly, the order of the Board is affirmed.

Judge SMITH–RIBNER dissents.

### ORDER

AND NOW, this 10th day of April, 2002, the order of the Pennsylvania Board of Probation and Parole, at Parole No. 2116T, dated September 21, 2001, is affirmed.