IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marquan Hamilton,                  :
                     Petitioner    :
                                  :
          v.                 :  No.  526 C.D. 2023
                                  :  Submitted: July 5, 2024
Pennsylvania Parole Board,    :
                     Respondent  :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                           FILED:  August 29, 2024

Marquan Hamilton (Hamilton) petitions for review of the order dated May 15, 2023 (mailed May 16, 2023) (Order) of the Pennsylvania Parole Board (Board) denying his request for administrative relief and affirming its December 23, 2022 decision (Decision). On appeal, we review whether the Board erred in recalculating Hamilton's new maximum sentence date after the Board revoked his parole.[1] After review, we conclude the Board did not err. Accordingly, we affirm the Board's Order.

---

[1] The sole question raised on appeal is: "Did the Pennsylvania Parole Board fail to give the petitioner credit for all time served exclusively to its warrant?" Hamilton's Br. at 4.

### I. Factual and Procedural Background

The Board released Hamilton on parole in 2015. Certified Record (C.R.) at 4-5. At the time of his release, Hamilton's original maximum sentence date was March 22, 2020. *Id.* at 5. Effective June 14, 2018, the Board declared Hamilton delinquent for failing to report as required by his conditions governing parole. *Id.* at 5, 10, 28. On September 14, 2018, the Board detained Hamilton. *Id.* at 11. On that same date, Philadelphia Police arrested him on new charges in Philadelphia County. *Id.* at 16-17. The Philadelphia Police charged Hamilton with Aggravated Assault (Felony (F) 1) and Possession of Firearm Prohibited (F1) for an incident alleged to have occurred in May of 2018. *Id.* at 65. On September 15, 2018, Magistrate James O'Brien of the Municipal Court of Philadelphia set Hamilton's bail at 10% of $400,000. *Id.* The Philadelphia Police also charged Hamilton with an additional offense of Possession of Firearm Prohibited (F1) for an incident alleged to have occurred in September of 2018. *Id.* at 81. On this case, Magistrate O'Brien set Hamilton's bail at 10% of $100,000. *Id.* Hamilton did not post bail in either case. *Id.* at 65, 70, 81, 86.

On October 16, 2018, the Board issued a formal notice wherein it acknowledged the Philadelphia Police Department had arrested Hamilton on September 14, 2018. *Id.* at 12. In the Notice, the Board resolved to: "Detain Pending Disposition of Charges." *Id.* (capitalization omitted). The Board cancelled enforcement of the Warrant to Commit and Detain effective March 22, 2020, because Hamilton had met his original maximum sentence date. *Id.* at 5, 14. On May 31, 2022, Hamilton pled guilty to Aggravated Assault and two counts of Possession of a Firearm Prohibited. *Id.* at 71, 87. On August 29, 2022, Judge Zachary Shaffer of the Court of Common Pleas of Philadelphia County sentenced

Hamilton to 46 months minimum to 120 months maximum of incarceration for these convictions.[2]  *Id.*  On June 1, 2022, the Board issued a new detainer for Hamilton based on these convictions.  *Id.* at 15.

Hamilton requested a revocation hearing before a panel, and then his attorney entered an appearance. *Id.* at 19-21.  The Board scheduled a non-panel revocation hearing for July 19, 2022, but then continued the hearing for two reasons: (1) Hamilton "asserted his right to have a panel revocation hearing" and (2) Hamilton "[was] not available for a panel revocation hearing while in the county jail according to regulations."[3]  *Id.* at 29.  The Board rescheduled the revocation hearing for a date in November of 2022.  *Id.* at 30.  On September 14, 2022, the Department of Corrections (DOC) transferred Hamilton to the State Correctional Institution (SCI) at Smithfield, and the DOC moved him to the SCI at Mahanoy on October 14, 2022. *Id.* at 63.

On November 23, 2022, the Board held a revocation hearing in front of a panel.[4]  *Id.* at 30.  By its Decision recorded on December 23, 2022, the Board recommitted Hamilton as a Convicted Parole Violator (CPV) to serve 36 months of

---

[2] "Maximum terms of five or more years shall be committed to the Department of Corrections for confinement." 42 Pa.C.S. § 9762(a)(1).

[3] *See* 37 Pa. Code. § 71.4.

[4] "A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level . . . ." 37 Pa. Code § 71.4(1).  If a parolee is confined outside the jurisdiction of the DOC, i.e. a county correctional institution, and the parolee has not waived his right to a panel hearing, then the revocation hearing "shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility."  37 Pa. Code § 71.4(1)(i).  On September 14, 2022, the DOC took custody of Hamilton.  C.R. at 63.  The Board held a revocation hearing on November 23, 2022, which was within 120 days of Hamilton's return to a State correctional facility.  *See id.* at 30.

backtime.[5]  *Id.* at 98.  Hamilton filed a *pro se* request for administrative relief.  *Id.* at 100.  Hamilton then filed a counseled request for administrative relief challenging the Board's Decision.  *Id.* at 109.

On May 15, 2023, the Board entered its Order denying Hamilton's request for administrative relief by affirming its Decision.  *Id.* at 111.  Hamilton filed a Petition for Review of the Board's Order in this Court.  Hamilton challenges the Board's recalculation of his maximum sentence date, and he requests this Court vacate the Board's Order and remand this matter to the Board to issue a new order recalculating his maximum sentence date.

## II.    Discussion

In cases involving the Board's decision to deny a parolee's request for administrative relief, our review "is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether the constitutional rights of the parolee were violated." *McNally v. Pa. Bd. of Prob. & Parole*, 940 A.2d 1289, 1292 (Pa. Cmwlth. 2008). For questions of law, our standard of review is *de novo*, and our scope of review is plenary.  *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473 (Pa. 2017).  In other words, in considering the proper meaning of a given rule of law on appeal, we do not defer to the Board's own conclusions of law.  Instead, we review the entire record with a fresh pair of eyes.

With our standard of review in mind, we address Hamilton's challenge to the Board's recalculation of his maximum sentence date.  The Prisons and Parole Code[6]

---

[5] "Backtime" is defined as "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled."  37 Pa. Code § 61.1.

[6] 61 Pa.C.S. §§ 101-7301.

4

(Parole Code) provides that if a parolee who is released from a correctional facility during a period of parole, "commits a crime punishable by imprisonment, for which the offender is convicted or found guilty by a judge or jury or to which the offender pleads guilty or nolo contendere" during the period of parole, the Board may, in its discretion, revoke the parole of the paroled offender. 61 Pa.C.S. § 6138(a)(1). If the Board decides to recommit a parolee as a CPV, as it did with Hamilton, "the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted, and except as provided . . . , shall be given no credit for time at liberty on parole." 61 Pa.C.S. § 6138(a)(2). Here, Hamilton does not dispute the Board's determination that he was a CPV or its decision to deny him credit for time spent at liberty on parole. Rather, Hamilton argues the Board miscalculated his new maximum sentence date by utilizing the wrong custody for return date. Specifically, Hamilton contends his custody for return date should be September 14, 2022, the date the DOC Moves Report[7] indicates Hamilton returned to an SCI, rather than December 23, 2022, the date the Board recommitted him as a CPV. We disagree.

Section 6138(a)(4) of the Parole Code provides: "The period for which the offender is required to serve shall be computed by the [B]oard and shall begin on the date that the parole violator is taken into custody to be returned to the institution as an offender." 61 Pa.C.S. § 6138(a)(4). If a new sentence is imposed, the offender must serve the balance of the term originally imposed before commencement of the new term "[i]f a person is paroled from a[n] [SCI] and the new sentence imposed on the person is to be served in the [SCI]." 61 Pa.C.S. § 6138(a)(5)(i). This Court has held the requirement of a CPV to serve the balance of his original sentence becomes

_____

[7] A DOC Moves Report outlines the movements of an individual within DOC custody.

5

operative only after "parole has been revoked and the remainder of the original sentence becomes due and owing." *Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 391 (Pa. Cmwlth. 2019) (citations omitted). Parole is not revoked until a hearing examiner and a Board member, or two Board members, sign a hearing report recommitting a parolee as a CPV. 61 Pa.C.S. § 6113(b); *Williams v. Pa. Bd. of Prob. & Parole*, 654 A.2d 235, 237 (Pa. Cmwlth. 2015). If a CPV serves time before the date the Board revokes his parole, that time must be applied to his new sentence. *Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, 770 (Pa. Cmwlth. 2015).

Moreover, parolees are not entitled to credit toward their original sentence for time spent incarcerated on new criminal charges when the parolee did not make bail on the new charges. *See Harold v. Pa. Bd. of Prob. & Parole*, 797 A.2d 393, 394 (Pa. Cmwlth. 2002); *see also Rice v. Pa. Bd. of Prob. & Parole*, 668 A.2d 233, 235 (Pa. Cmwlth. 1995). This credit is to be awarded at the new sentence because the recommitted parolee was not incarcerated exclusively on the Board's warrant. *See Harold*, 797 A.2d at 394; *see also Rice* 668 A.2d at 235. "[C]redit for time a convicted parole violator spends in custody between imposition of a new sentence and revocation of parole must be applied to the new sentence." *Williams*, 654 A.2d at 237.

Here, while Hamilton returned to an SCI on September 14, 2022, the Board did not hold his revocation hearing until November 23, 2022. C.R. at 30, 63. The Board recorded its Decision recommitting Hamilton as a CPV on December 23, 2022. Consequently, Hamilton did not become a CPV available to serve the balance of his original sentence until December 23, 2022. Therefore, the Board did not err by using this date as Hamilton's custody for return date in calculating Hamilton's new maximum sentence date.

When Hamilton was paroled on December 22, 2015, his original maximum sentence date was March 22, 2022, meaning he had 1,552 days remaining on his original sentence. The Board gave him one day of credit for the period from September 14, 2022, to September 15, 2022, because he was incarcerated solely on the Board's detainer during that period. However, Hamilton is not entitled to credit for the time he spent incarcerated between September 15, 2022, and December 22, 2022, because he was not yet a CPV, nor was he incarcerated exclusively on the Board's warrant.[8] After giving him credit for the one day he was detained solely on the Board's detainer, Hamilton had 1,551 days remaining on his original sentence. Adding 1,551 days to his custody for return date of December 23, 2022, results in a parole violation maximum sentence date of March 23, 2027. Therefore, we discern no error in the Board's calculation of the parole violation maximum sentence date.

## III.    Conclusion

The Board correctly calculated Hamilton's parole violation maximum sentence date. Accordingly, we conclude the Board did not commit an error of law, and we affirm the Board's Order.

 

 

 
_____
STACY WALLACE, Judge

---

[8] This time, as the Board indicated in its Order, "may be calculated by the DOC and applied toward his new state sentences after he begins serving those terms." C.R. at 112; *see Wilson*, 124 A.3d at 770.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marquan Hamilton,                    :
                    Petitioner       :
                                     :
        v.                           : No.  526 C.D. 2023
                                     :
Pennsylvania Parole Board,           :
                    Respondent       :

# **O R D E R**

   **AND NOW**, this 29th day of August 2024, the May 15, 2023 order of the Pennsylvania Parole Board is **AFFIRMED**.


                                     _____
                                     STACY WALLACE, Judge