IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dujuan Littlejohn,                          :
                          Petitioner         :
                                            :
        v.                                  : No.  1285 C.D. 2023
                                            : Submitted:  September 9, 2024
Pennsylvania Parole Board,                  :
                          Respondent  :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE WALLACE                                FILED:  October 21, 2024


        Dujuan Littlejohn (Petitioner) petitions for review of the October 17, 2023
order (Order) of the Pennsylvania Parole Board (Board) denying Petitioner's request
for administrative relief and affirming its decision recorded May 22, 2023 (mailed
June 1, 2023) that recommitted Petitioner as a convicted parole violator (CPV) to
serve 24 months of incarceration (Decision).  After review, we affirm the Board's
Order.

## I.    Factual and Procedural History

        On June 24, 2019, the Board released Petitioner on parole from the State
Correctional Institution (SCI) – Retreat.  Certified Record (C.R.) at 4, 7.  At the time
of his release, Petitioner had a parole violation maximum sentence date of August 9,
2022, meaning he owed 1,142 days on his original sentence.  *Id.* at 7.  On July 7,

2021, the Scranton Police Department arrested Petitioner on new criminal charges in Lackawanna County, and the Lackawanna County Magisterial District Court set Petitioner's bail at $100,000. *Id.* at 13, 20, 25. That same day, the Board issued a Warrant to Commit and Detain Petitioner. *Id.* at 12. On July 28, 2021, the Board decided to "detain [Petitioner] pending disposition of criminal charges." *Id.* at 13 (capitalization omitted). On August 15, 2022, Petitioner posted bail on the new charges. *Id.* at 25. The same day, the Board lifted its warrant, released Petitioner "to the street," and ordered Petitioner to report to the Scranton District Office immediately upon release. *Id.* at 14.

On January 10, 2023, Petitioner pled guilty to one of the new charges. Petitioner remained at liberty on parole until the Board issued a warrant to commit and detain him on February 8, 2023. *Id.* at 15.

On February 14, 2023, Petitioner waived his revocation hearing and admitted to his new criminal convictions. *Id.* at 18, 19. On March 2, 2023, the Board recommitted Petitioner to an SCI as a CPV to serve a recommitment period of 24 months of incarceration, "when available, pending sentencing" on his conviction on the new charges. *Id.* at 51. On April 27, 2023, the Court of Common Pleas of Lackawanna County (Common Pleas) sentenced Petitioner to two to four years of incarceration and six years of probation for his conviction. Supplemental Certified Record at 3A.

On May 22, 2023, after Petitioner's sentencing, the Board issued its Decision to recommit Petitioner as a CPV to serve 24 months of recommitment time and established a parole violation maximum sentence date of March 26, 2026. C.R. at

2

55-56. The Board credited Petitioner with backtime[1] credit from February 8, 2023 (date of Petitioner's detainer), to April 27, 2023 (date of Petitioner's sentencing), for a total of 78 days. *Id.* at 53.

Petitioner filed a request for administrative relief with the Board. *Id.* at 57. On October 17, 2023, the Board entered the Order denying Petitioner's request for relief. *Id.* at 61. Petitioner petitioned for review in this Court.

In his Petition for Review and Brief, Petitioner raises the following issues: (1) the Board failed to give him credit for all time served exclusively on the Board's warrant or while incarcerated, (2) the Board abused its discretion by not awarding Petitioner credit for time he spent in good standing while on parole, and (3) the Board applied the incorrect recommitment range for his new conviction. Pet. for Rev. ¶¶ 5, 6, 7; Pet'r's Br. at 9, 11, 12.

## II. Analysis

We review the Board's decision denying administrative relief to determine whether substantial evidence supports the Board's necessary findings of fact, the Board committed an error of law, or the Board violated a parolee's constitutional rights. *McNally v. Pa. Bd. of Prob. & Parole*, 940 A.2d 1289, 1292 (Pa. Cmwlth. 2008). When presented with a question of law, our standard of review is *de novo*, and our scope of review is plenary. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473 (Pa. 2017). In other words, in considering the proper meaning of a given

---

[1] Backtime is "that part of an *existing* judicially-imposed sentence which the Board directs a parolee to complete following a finding after a *civil* administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole." *Krantz v. Pa. Bd. of Prob. & Parole*, 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984) (emphasis in original).

rule of law on appeal, we do not defer to the Board's own conclusions of law. Instead, we review the entire record anew. Where the law grants the Board discretion, we review for an abuse of discretion. *Id*. at 474.

Initially, we note Petitioner concedes two of his issues lack merit. Specifically, Petitioner agrees the Board did not abuse its discretion by not awarding him credit for time in good standing while on parole, and Petitioner agrees the Board's allocation of 24 months of backtime for his conviction is within the guideline recommitment range. *See* Pet'r's Br. at 4. Therefore, we address Petitioner's only remaining argument, that the Board did not award him proper credit for the time he served on the Board's warrant or while incarcerated.

When a parolee is held in custody solely because of a Board's detainer, and he has otherwise met the requirements for bail on the new criminal charges, the time spent in custody shall be credited against his original sentence. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). However, a parolee is not entitled to credit toward his original sentence for time spent incarcerated on new criminal charges when he does not post bail on the new charges. *See Harold v. Pa. Bd. of Prob. & Parole*, 797 A.2d 393, 394 (Pa. Cmwlth. 2002); *see also Rice v. Pa. Bd. of Prob. & Parole*, 668 A.2d 233, 235 (Pa. Cmwlth. 1995). Rather, that time becomes a credit toward the new sentence because the parolee is not incarcerated *exclusively* on the Board's warrant. *Id.* Furthermore, "credit for time a convicted parole violator spends in custody between imposition of a new sentence and revocation of parole must be applied to the new sentence." *Williams v. Pa. Bd. of Prob. & Parole*, 654 A.2d 235, 237 (Pa. Cmwlth. 2015). Where a CPV serves time before the date the Board revokes his parole, that time must be applied to his new sentence. *Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, 770 (Pa. Cmwlth. 2015).

4

Here, when the Board paroled Petitioner on June 24, 2019, his original maximum sentence date was August 9, 2022, meaning he had 1,142 days remaining on his sentence. After the police arrested Petitioner on the new charges on July 7, 2021, Petitioner remained in custody because he did not post bail until August 15, 2022. At the time he posted bail, the Board had lifted its detainer. Therefore, Petitioner is not entitled to credit toward his original sentence for this time period because he was not incarcerated exclusively on the Board's warrant. On February 8, 2023, the Board issued a warrant to commit and detain Petitioner, and Petitioner remained in custody on that warrant until Common Pleas sentenced him on April 27, 2023. This resulted in 78 days of backtime credit properly awarded by the Board because Petitioner was held exclusively on the Board's warrant during that time period.

Common Pleas sentenced Petitioner on the new conviction on April 27, 2023, but the Board did not issue its Decision recommitting Petitioner as a CPV until May 22, 2023. Therefore, Petitioner is not entitled to credit for this time period on his original sentence because he is a CPV, and this time spent in custody between his sentencing and his parole revocation must be applied to his new sentence. *See Williams*, 654 A.2d at 237.

Crediting 78 days of backtime to the 1,142 days remaining on his sentence results in Petitioner owing 1,064 days toward his original sentence. Adding 1,064 days to April 27, 2023, the date Petitioner became available to the Board to serve his backtime, results in a new parole violation maximum sentence date of March 26, 2026. Therefore, the Board properly calculated Petitioner's parole violation maximum sentence date.

### III.    Conclusion

The Board correctly calculated Petitioner's parole violation maximum sentence date. Accordingly, we conclude the Board did not commit an error of law, and we affirm the Board's Order.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dujuan Littlejohn, : 
                   Petitioner : 
                       : 
       v. : No.  1285 C.D. 2023
                       : 
Pennsylvania Parole Board, : 
                Respondent : 

# **O R D E R**

    **AND NOW**, this 21st day of October 2024, the October 17, 2023 order of the Pennsylvania Parole Board is **AFFIRMED**.

 

                                 _____

                                 STACY WALLACE, Judge