IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Lamar Jefcoat, : 
                Petitioner : 
                : 
      v. : No. 682 C.D. 2024
                : Submitted: July 7, 2025
Pennsylvania Parole Board, : 
                Respondent : 


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                 FILED: August 15, 2025


Thomas Lamar Jefcoat (Jefcoat) is currently in the custody of the Pennsylvania Department of Corrections (Department) at the State Correctional Institution (SCI) at Smithfield. Jefcoat petitions for review of the May 3, 2024 order (Order) of the Pennsylvania Parole Board (Board) affirming its decision dated September 18, 2023 (mailed September 22, 2023) (Decision) that recommitted Jefcoat as a convicted parole violator (CPV) and denied him credit for time spent at liberty on parole. Additionally, Jefcoat's appointed counsel, Kent D. Watkins, Esq. (Counsel), filed an Application to Withdraw as Counsel (Application to Withdraw). After review, we conclude the Board did not err or abuse its discretion and we affirm the Board's Order. Further, we grant Counsel's Application to Withdraw.

## I. Factual and Procedural History

The Board granted Jefcoat parole by order dated June 29, 2020, and released him on November 25, 2020. Certified Record (C.R.) at 18-19. At the time of his release, Jefcoat's parole violation maximum sentence date was April 9, 2023. *Id.* at 18. On January 12, 2022, the police arrested Jefcoat and charged him with manufacture, delivery or possession with intent to manufacture or deliver a controlled substance, possession of a controlled substance, and possession of drug paraphernalia, and the magisterial district court set his bail at $150,000. *Id.* at 37, 50. On the same date, the Board issued a warrant to commit and detain Jefcoat for violating his parole. *Id.* at 29. On February 1, 2022, the Board issued a decision to detain Jefcoat pending the disposition of his criminal charges. *Id.* at 30. On April 9, 2023, Jefcoat's parole violation maximum date, the Department cancelled its warrant. *Id.* at 31. Because Jefcoat never posted bail, Jefcoat remained incarcerated. *Id.* at 70.

On September 5, 2023, Jefcoat pled guilty before the Court of Common Pleas of Carbon County (trial court) to manufacture, delivery or possession with intent to deliver a controlled substance, and the trial court sentenced him to serve a minimum of 27 months to a maximum of 64 months of incarceration with 602 days credit for time served. *Id.* at 48. On September 6, 2023, the Department issued a warrant to commit and detain. *Id.* at 32. In its warrant, the Department noted "although [Jefcoat's] original maximum sentence was 04/09/2023, the maximum sentence is being extended due to a new conviction. The new maximum sentence will be computed upon recording of the Board's final action." *Id*

On September 15, 2023, the Board held a revocation hearing, and the hearing examiner issued a report. *Id.* at 68. The Board issued its Decision to "recommit

[Jefcoat] to [an SCI] as a [CPV] to serve a recommitment period of 24 months when available, pending [his] return to [an SCI]." *Id.* at 92 (capitalization omitted). Jefcoat filed an administrative appeal of the Board's Decision. The Board denied the administrative appeal and affirmed the Board's Decision via its Order. *Id.* at 107-09.

Jefcoat now appeals the Board's Order. *Id.* at 100. On appeal, Jefcoat raises three issues for our review. First, Jefcoat alleges the Board failed to give him credit for the time he served exclusively pursuant to the Board's warrant or while incarcerated. Pet. for Rev. ¶ 5. Second, Jefcoat claims the Board abused its discretion by failing to give him credit for time in good standing on parole. *Id.* ¶ 6. Lastly, Jefcoat asserts the Board lacked the authority to extend his sentence beyond his maximum sentence date. *Id.* ¶ 7. In addition to the Petition for Review, Counsel filed an Application to Withdraw and a *Turner* letter.[1]

## II. *Turner* Letter and Application to Withdraw

Before we address the merits of Jefcoat's Petition for Review, we must first address Counsel's *Turner* letter and Application to Withdraw. Where a petitioner seeks our review of a decision of the Board and is represented by counsel, and counsel believes the petitioner's case lacks merit, this Court may permit counsel to withdraw from the representation if, after conducting our own independent review of the issues raised, we determine the petitioner's arguments are, in fact, meritless. *Zerby v. Shanon*, 964 A.2d 956, 960-61 (Pa. Cmwlth. 2009) (relying on *Turner*, 544 A.2d 927). However, to properly withdraw, counsel must first submit a *Turner* letter

---

[1] We use the term "*Turner* letter" in reference to our Supreme Court's decision in *Commonwealth v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988), in which the Court set forth "the appropriate procedures for withdrawal of court-appointed counsel in collateral attacks on criminal convictions." *Turner*, 544 A.2d at 927-29.

that "detail[s] the nature and extent of [counsel's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues [are] meritless." *Turner*, 544 A.2d at 928. Additionally, we must confirm counsel satisfied the following procedural steps: (1) counsel notified the petitioner of the request to withdraw; (2) counsel provided the petitioner with a copy of a *Turner* letter; and (3) counsel advised the petitioner of his right to retain new counsel or file a brief on his own behalf. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). Where counsel satisfies the *Turner* technical requirements, we conduct an independent review of the issues raised and, if we agree with counsel's assessment, we may grant counsel leave to withdraw. *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996).

Here, Counsel satisfied *Turner's* technical requirements. Counsel's letter contains a recitation of the relevant factual and procedural history. Counsel explains, "[i]n light of [his] exhaustive examination of the certified record, and research of applicable case law, [Counsel has] concluded . . . Jefcoat's appeal . . . has no basis in law or in fact and is, therefore, frivolous." *Turner* Letter at 8. Counsel addresses each of the issues Jefcoat raised in his administrative appeal. Counsel provided Jefcoat a copy of the *Turner* letter informing him of his right to retain substitute counsel and his right to file a *pro se* brief with this Court. *Id.* at 9. Therefore, Counsel satisfied *Turner's* technical requirements and complied with the procedural steps for withdrawal and, accordingly, we now review the merits of the Petition for Review.

## III. Discussion

We review the Board's Order denying administrative relief to determine whether substantial evidence supports the Board's necessary findings of fact, the

Board committed an error of law, or the Board violated a parolee's constitutional rights. *McNally v. Pa. Bd. of Prob. & Parole*, 940 A.2d 1289, 1292 (Pa. Cmwlth. 2008). When presented with a question of law, our standard of review is *de novo*, and our scope of review is plenary. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473 (Pa. 2017). In other words, in considering the proper meaning of a given rule of law on appeal, we do not defer to the Board's own conclusions of law. Instead, we review the entire record anew. Where the law grants the Board discretion, we review for an abuse of discretion. *Id*. at 474.

**A. Credit for time spent on Board warrant or while incarcerated**

First, we address Jefcoat's claim the Board failed to give him the proper credit for time he spent on its warrant or while incarcerated. When a parolee is held in custody solely because of a Board's detainer, and he has otherwise met the requirements for bail on the new criminal charges, the time spent in custody shall be credited against his original sentence. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). However, a parolee is not entitled to credit toward his original sentence for time spent incarcerated on new criminal charges when he does not post bail on the new charges. *See Harold v. Pa. Bd. of Prob. & Parole*, 797 A.2d 393, 394 (Pa. Cmwlth. 2002); *see also Rice v. Pa. Bd. of Prob. & Parole*, 668 A.2d 233, 235 (Pa. Cmwlth. 1995). Rather, that time becomes a credit toward the new sentence because the parolee is not incarcerated *exclusively* on the Board's warrant. *Id.*

Here, the police arrested Jefcoat on January 12, 2022, and he remained incarcerated because he did not post bail. The Board lifted its detainer on April 9, 2023, when Jefcoat reached his maximum sentence date. However, Jefcoat remained incarcerated because he did not post bail on his new criminal charges. While the Board issued its detainer on the date of Jefcoat's arrest, and subsequently

5

cancelled its detainer on Jefcoat's maximum sentence date, Jefcoat never posted bail and thus remained incarcerated on his new charges. Therefore, Jefcoat was never incarcerated *exclusively* on the Board's warrant and, accordingly, he is not entitled to credit toward his original sentence for this period of incarceration.

**B. Credit for time at liberty on parole**

Next, we address Jefcoat's contention the Board abused its discretion when it denied him credit for the time he spent at liberty on parole. *See* Pet for Rev. ¶ 6. The Prisons and Parole Code (Parole Code)[2] provides if the Board determines to recommit a parolee as a CPV, as it did with Jefcoat, "the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole." 61 Pa.C.S. § 6138(a)(2). Paragraph 2.1 of Section 6138(a) of the Parole Code sets forth the Board "may, in its discretion, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole." 61 Pa.C.S. § 6138(a)(2.1).[3]

In *Pittman*, our Supreme Court held that when the Board exercises its discretion under Section 6138(a)(2.1) of the Parole Code, "the Board must articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." 159 A.3d at 474. *Pittman* requires the Board to articulate a reason for denying credit for time spent at liberty on parole because "an appellate court hearing the matter must have [a] method to assess the Board's exercise of discretion." *Id.* This Court has explained, generally, the Board's reasons must be "accurate and

---

[2] 61 Pa.C.S. §§ 101-7301.

[3] Paragraph 2.1 supplies three limitations to the Board's discretion, none of which apply here.

related to the parolee's offenses." *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 650 (Pa. Cmwlth. 2018). Further, the Board's reasons must be "documented by the record." *Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207, 1212 (Pa. Cmwlth. 2019).

Here, the hearing officer noted Jefcoat "has a history of supervision failure(s) in probation and/or parole to warrant denying credit for time at liberty on parole." C.R. at 63. The Board followed *Pittman* by supplying a rationale for its decision to deny Jefcoat credit for time spent at liberty on parole, which rationale was accurate, related to the offense, reasonable, and supported by the record. Accordingly, the Board did not abuse its discretion by denying Jefcoat credit for time spent at liberty on parole.

### C. Maximum sentence date

Lastly, in his Petition for Review, Jefcoat contends the Board lacked authority to extend his maximum sentence date. Section 6138(a)(1) of the Parole Code) states:

> A parolee under the jurisdiction of the [B]oard released from a correctional facility who, *during the period of parole* or while delinquent on parole, *commits a crime punishable by imprisonment, for which the parolee is convicted* or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere *at any time thereafter in a court of record*, *may at the discretion of the [B]oard be recommitted as a parole violator*.

61 Pa. C.S. § 6138(a)(1) (emphasis added). Thus, the Parole Code authorizes the Board to recommit a parolee who commits a crime while on parole and is then convicted "at any time thereafter." As explained in *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 73 (Pa. Cmwlth. 2013), "[i]t is well-settled law that the Board retains jurisdiction to recommit an individual as a parole violator[, and thus recalculate his maximum sentence date,] after the expiration of

7

the maximum term, so long as the crimes that lead to the conviction occurred while the individual is on parole." *See also Adams v. Pa. Bd. of Prob. & Parole*, 885 A.2d 1121, 1124 (Pa. Cmwlth. 2005).

Here, Jefcoat committed his new crime on January 12, 2022, while he was on parole. It is irrelevant to the Board's authority that Jefcoat was not convicted of his new crime until September 2023, after his maximum sentence date expired, and the Board issued its Decision to recommit him at that time. Whether the parolee committed the new crime while he was on parole is dispositive of whether the Board had the authority to recommit him as CPV. Because Jefcoat committed a new crime while on parole, and was later convicted of that crime, the Board had the authority to recommit him as a CPV and recalculate his maximum sentence date.

## IV.    Conclusion

Based on the foregoing, we conclude Counsel fulfilled the requirements of *Turner*, and our independent review confirms Jefcoat's arguments are meritless. Accordingly, we grant Counsel's Application to Withdraw. Additionally, we conclude the Board did not err or abuse its discretion, and we affirm the Board's Order.

_____
STACY WALLACE, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Lamar Jefcoat, :
                Petitioner :
                :
      v. : No. 682 C.D. 2024
                :
Pennsylvania Parole Board, :
                Respondent :

# **O R D E R**

**AND NOW**, this 15th day of August 2025, the August 16, 2024 Application to Withdraw as Counsel filed by Kent D. Watkins, Esq. is **GRANTED** and the May 3, 2024 order of the Pennsylvania Parole Board is **AFFIRMED**.

_____
STACY WALLACE, Judge