IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Lamont Burley, Jr.,       :
            Petitioner    :
                             :
        v.              : No. 858 C.D. 2024
                             : Submitted: August 8, 2025
Pennsylvania Parole Board,    :
            Respondent  :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE STACY WALLACE, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                      FILED: October 22, 2025

Keith Lamont Burley, Jr. (Burley) petitions for review of the Pennsylvania Parole Board's (Board) June 7, 2024 Order (Order), which denied Burley's administrative appeal of its December 13, 2023 decision (Decision) recommitting Burley as a convicted parole violator (CPV) and ordering him to serve the unexpired term of his original sentence. Additionally, Burley's appointed counsel, Victoria Hermann, Esq. (Counsel), filed a Motion to Withdraw as Counsel (Motion to Withdraw). After review, we grant Counsel's Motion to Withdraw and affirm the Board's Order.

## I.    Factual and Procedural Background

In 1999, Burley pled guilty to murder, reckless endangerment, and a firearms offense in Lawrence County and was sentenced to 20 to 40 years of imprisonment

(the original sentence). Certified Record (C.R.) at 1. In 2003, Burley pled guilty to two assault charges and he received a sentence of 9 to 18 years of imprisonment, to run concurrently to the original sentence. *Id.* The Board granted Burley parole and released him on March 28, 2019. *Id.* at 8. At the time of his release, Burley's maximum sentence date was March 19, 2039, *id.*, meaning he had 7,296 days remaining on the original sentence.

On July 9, 2019, the Pennsylvania State Police arrested Burley and charged him with offenses including murder, kidnapping, and assault (the new charges). *Id.* at 22. On the same date, the Board lodged a detainer against Burley for violating his parole and placed Burley into custody. *Id.* at 14. On July 11, 2019, the Commonwealth formally charged Burley with the new charges and the magisterial district judge denied Burley bail. *Id.* at 157-58. On July 22, 2019, the Board issued an order to detain Burley pending disposition of the new charges. *Id.* at 15. On August 28, 2023, a jury found Burley guilty of two counts of murder, two counts of kidnapping, and one count of simple assault (the new criminal conviction). *Id.* at 34. On September 19, 2023, the Court of Common Pleas of Lawrence County sentenced Burley on the new criminal conviction to a term of life imprisonment (the new sentence). *Id.* at 27-28.

The Board held a revocation hearing on November 3, 2023. *Id.* at 146. On November 13, 2023, the Board revoked Burley's parole. *Id.* at 156. In its Decision, the Board recommitted Burley as a CPV to serve the unexpired term of his original sentence. *Id.* at 163.

On January 10, 2024, Burley filed a *pro se* administrative appeal of the Board's Decision. Burley alleged the Board did not award him the appropriate credit for the time he spent in custody from July 2019, through December 2023, and

2

improperly extended his sentence. *Id.* at 165. In its Order, the Board denied Burley's administrative appeal. *Id.* at 167-69. Burley filed a *pro se* petition for review on June 25, 2024. Counsel entered her appearance, and Burley filed an Amended Petition for Review (Petition for Review) on September 4, 2024.

On October 23, 2024, Counsel filed a *Turner* letter[1] (*Turner* Letter) and a Motion to Withdraw. On October 28, 2024, this Court entered an order, in light of the Motion to Withdraw, informing Burley he could either obtain substitute counsel at his own expense or file a brief on his own behalf within 30 days of Counsel serving him with a copy of the order. Counsel properly filed proof of service documenting her November 7, 2024 service of the October 28, 2024 order on Burley. No legal counsel filed an entry of appearance for Burley and Burley did not file a brief.

On appeal, Burley asserts the Board violated his due process rights by failing to grant him credit for the time he spent incarcerated on the Board's detainer. Burley contends the Board should have applied credit towards his maximum sentence date for the time he spent incarcerated while he awaited trial on the new charges, which prevented him from posting bail. In addition, Burley claims the Board unlawfully added time to his sentence by denying him the credit to which he was entitled.

## II. *Turner* Letter and Motion to Withdraw

Before we address the merits of Burley's Petition for Review, we must first address Counsel's *Turner* Letter and Motion to Withdraw. This Court may permit counsel to withdraw from the representation if, after conducting our own independent review of the issues raised, we agree with counsel that the petitioner's arguments are meritless. *Zerby v. Shanon*, 964 A.2d 956, 960-61 (Pa. Cmwlth. 2009). However, to withdraw, counsel must first submit a *Turner* letter that

---

[1] S*ee Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1988). Counsel files such a letter when seeking to withdraw from representation of a parole violator because the violator's case lacks merit.

3

"detail[s] the nature and extent of [counsel's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues [are] meritless." *Turner*, 544 A.2d at 928. Additionally, we must confirm counsel satisfied the following procedural steps: (1) counsel notified the petitioner of the request to withdraw; (2) counsel provided the petitioner with a copy of a *Turner* letter; and (3) counsel advised the petitioner of his right to retain new counsel or file a brief on his own behalf. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013).

Here, Counsel's *Turner* Letter contains a recitation of the relevant factual and procedural history. Counsel explains: "[a]fter carefully reviewing your parole appeal documents . . . , the certified record provided by the Board, our discussions about the case, and researching the issues raised in your case zealously, I have determined that the claim you raised is without merit, and therefore frivolous." *Turner* Letter at 2. Counsel addresses the issue Burley raised in his administrative appeal. Counsel provided Burley with a copy of the *Turner* Letter informing him of his right to retain substitute counsel and his right to proceed *pro se* with his appeal.[2]

---

[2] We note with concern the language in Counsel's *Turner* Letter that states: "Because I found your claim to be without merit and frivolous, I will be filing a Motion to Withdraw as Counsel with this letter. . . . If this motion is granted, you are free to retain new counsel on your own, or proceed with this appeal *pro se*." *Turner* Letter at 2. As an initial matter, the *Turner* Letter advises Burley he may retain new counsel or "proceed . . . *pro se*." *Id.* Counsel's statement to Burley that he may proceed *pro se* is consistent with a number of this Court's decisions. *See, e.g., James v. Pa. Parole Bd.* (Pa. Cmwlth., No. 150 C.D. 2024, filed Sept. 16, 2025), slip op. at 4; *Constantini v. Pa. Parole Bd.* (Pa. Cmwlth., No. 469 C.D. 2024, filed Aug. 14, 2025), slip op. at 5; *Staton v. Pa. Bd. of Prob. & Parole*, 171 A.3d 363, 365 (Pa. Cmwlth. 2017). However, other decisions have been more precise, requiring for example that counsel advise the petitioner "of his right to retain new counsel or raise any new points he might deem worthy of consideration by submitting a brief on his own behalf." *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013); *see also, e.g., Jefcoat v. Pa. Parole Bd.* (Pa. Cmwlth., No. 682 C.D. 2024, filed Aug. 15, 2025), slip op. at 4; *Moy v. Pa. Parole Bd.* (Pa. Cmwlth., No. 259 C.D. 2023, filed June 5, 2025), slip op. 6. In
**(Footnote continued on next page…)**

4

Therefore, Counsel satisfied *Turner's* technical requirements and complied with the procedural steps for withdrawal, and we may now review the merits of the Petition for Review.

### III. Discussion

We review a Board's order denying administrative relief to determine whether substantial evidence supports the findings of fact necessary to the Board's decision and whether the Board committed an error of law or violated a parolee's constitutional rights. *McNally v. Pa. Bd. of Prob. & Parole*, 940 A.2d 1289, 1292 (Pa. Cmwlth. 2008).

When a parolee is held in custody solely because of the Board's detainer, and he has otherwise met the requirements for bail on the new criminal charges, the time spent in custody shall be credited against his original sentence. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). However, a parolee is not entitled to credit toward his original sentence for time spent incarcerated on new criminal charges when he does not post bail on the new charges. *See Harold v. Pa. Bd. of Prob. & Parole*, 797 A.2d 393, 394 (Pa. Cmwlth. 2002); *Rice v. Pa. Bd. of Prob. & Parole*, 668 A.2d 233, 235 (Pa. Cmwlth. 1995). The time a parolee spends

---

future proceedings before this Court, it would be beneficial for Counsel to use the more precise language, informing the petitioner of his or her right to file a brief, because it may be unclear to the petitioner what "proceeding *pro se*" entails in this context.

Additionally, the *Turner* Letter advises Burley he may retain new counsel or proceed *pro se* "**[i]f this motion is granted**." *Turner* Letter at 2 (emphasis added). If a petitioner waits to file a brief until a motion to withdraw is granted, it will be too late because the appeal will already be over. We realize some courts will not accept *pro se* filings until an order is entered allowing counsel to withdraw, but allowing a petitioner to file a brief before withdrawal is necessary here because this Court considers the motion to withdraw at the same time that it rules on the merits of the appeal. Counsel should avoid using this language in the future. Fortunately, this Court's October 28, 2024 order explained Burley could obtain substitute counsel or file a brief on his own behalf and remedied any deficiencies in Counsel's advice.

incarcerated on new criminal charges becomes a credit toward the new sentence. *Rice*, 668 A.2d at 235.

Burley was incarcerated *exclusively* on the Board's detainer from the date of the detainer, July 9, 2019, until the Commonwealth filed the new charges against him on July 11, 2019. C.R. at 21, 25. Thus, the Board properly granted Burley credit for the two days he spent exclusively on the Board's detainer towards his original sentence. *Id.* at 161. The Board properly denied Burley credit towards his original sentence for the time he spent incarcerated on the new charges. As the Board advised Burley in its Order: "any time spent incarcerated that was not applied toward your original sentence will be calculated by the Department of Corrections and applied toward your new state sentence when you begin serving that term."[3] *Id.* at 174.

We acknowledge "[t]he Board does not have the power to alter the parolee's judicially imposed sentence and can only mandate that the parolee upon recommitment as a convicted violator serve the remaining balance of the unexpired term of the original sentence." *Gaito v. Pa. Bd. of Prob. & Parole*, 563 A.2d 545, 547 (Pa. Cmwlth. 1989) (citations omitted).

When the Board granted Burley parole, 7,296 days remained on his original sentence. When recommitting Burley as a CPV, the Board listed the time remaining on his original sentence, less the two days he was incarcerated exclusively on the Board's detainer. The Board noted November 13, 2023 was the date it revoked Burley's parole and, therefore, the date he became available to serve his original sentence. Adding 7,294 days to November 13, 2023, yields a recalculated maximum

---

[3] *See also Hall v. Pa. Bd. of Prob. & Parole*, 733 A.2d 19, 21 (Pa. Cmwlth. 1999) (concluding petitioner was not entitled to credit toward his original sentence when he was not held solely on a Board detainer, even though the petitioner was ineligible for bail on a capital murder charge).

date of November 2, 2043. Therefore, the Board recommitted Burley as a CPV, ordered him to serve the remaining balance of the unexpired term on his original sentence, and properly recalculated his maximum sentence date. Contrary to Burley's assertion, the Board did not extend Burley's sentence.

## IV. Conclusion

Based on the foregoing, Counsel fulfilled the requirements of *Turner*, and our independent review confirms Burley's arguments are meritless. Accordingly, we grant Counsel's Motion to Withdraw, and we affirm the Board's Order.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Lamont Burley, Jr., :
                Petitioner :
                     :
      v. : No. 858 C.D. 2024
                     :
Pennsylvania Parole Board, :
                Respondent :

# **O R D E R**

    **AND NOW**, this 22nd day of October 2025, the October 23, 2024 Motion to Withdraw as Counsel filed by Victoria Hermann, Esq. is **GRANTED** and the June 7, 2024 order of the Pennsylvania Parole Board is **AFFIRMED**. The Prothonotary is directed to serve a copy of this memorandum opinion and order on Petitioner, Keith Lamont Burley, Jr.

 

                                   _____

                                   STACY WALLACE, Judge