IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Lucas,                          :
                          Petitioner   :
                                       :
          v.                           : No.  1 C.D. 2024
                                       : Submitted:  November 7, 2024
Pennsylvania Parole Board,             :
                          Respondent   :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  December 19, 2024


          Edward Lucas (Petitioner) petitions for review of the Pennsylvania
Parole Board's (Board) order mailed December 4, 2023, affirming its decision
recorded March 31, 2023 (mailed April 5, 2023) (Order) that recommitted Petitioner
as a convicted parole violator (CPV) and denied him credit for time he spent at
liberty on parole.  Additionally, Petitioner's appointed counsel, Dana E. Greenspan,
Esq. (Counsel) filed an Application for Leave to Withdraw Appearance (Application
to Withdraw).  After review, we grant Counsel's Application to Withdraw and affirm
the Board's Order.

## I. Factual and Procedural Background

In 2015, Petitioner pled guilty in the Court of Common Pleas of Berks County (trial court) to drug offenses. Certified Record (C.R.) at 1. The trial court sentenced Petitioner to a term of 11 months and 7 days to 5 years of incarceration for the conviction. *Id.*

While he was serving this sentence at the State Correctional Institution (SCI) at Laurel Highlands, the Board granted Petitioner parole by order dated October 18, 2016. *Id.* The Board released Petitioner from custody on December 19, 2016. *Id.* at 9. On his date of release, Petitioner's maximum sentence date was September 28, 2020. *Id.* at 9. On October 25, 2018, the Board issued a Warrant to Commit and Detain Petitioner for a violation of his parole. *Id.* at 14. The Board recommitted Petitioner as a technical parole violator to serve six months of incarceration, citing his failure to report as instructed and his use of drugs. *Id.* at 15, 17. At the time of his recommitment, Petitioner owed 1 year, 11 months and 3 days on his original sentence and his maximum parole violation sentence date remained September 28, 2020. *Id.* at 15. On November 20, 2018, the Board issued an Order to Release on Parole / Reparole. *Id.* at 20. The Board released Petitioner on April 25, 2019. *Id.*

On September 24, 2020, the Pottstown Borough Police Department arrested Petitioner on new drug charges. *Id.* at 31. The Board issued a Warrant to Commit and Detain the day of Petitioner's arrest. *Id.* at 25. On September 25, 2020, the magisterial district judge set bail on Petitioner's new charges at $99,000, and Petitioner did not post bail. Petitioner was detained pending disposition of the new charges. *Id.* at 68. On September 28, 2020, Petitioner reached his parole violation maximum sentence date, and the Board issued an Order canceling its warrant. *Id.* at 25, 26. Petitioner remained incarcerated on the new criminal charges. *Id.* at 38.

After a trial in November 2022, a jury found Petitioner guilty of several drug-related offenses. *Id.* at 62-65. The trial court sentenced Petitioner to a term of two years and six months to five years of incarceration. *Id.* at 70.

Following his conviction, on December 13, 2022, the Board issued another Warrant to Commit and Detain Petitioner for violating his parole. *Id.* at 27. On December 20, 2022, the Board issued a Notice of Charges and Hearing, scheduling Petitioner's revocation hearing for February 13, 2023. *Id.* at 28. Counsel entered an appearance for the revocation hearing, but Petitioner waived his right to counsel. *Id.* at 30.

The Board issued a Revocation Hearing Report on February 15, 2023. *Id.* at 116. On February 22, 2023, the Board recommitted Petitioner as a CPV to serve a recommitment period of the lesser of 18 months or his unexpired term, beginning when Petitioner returned to an SCI and was available to serve the recommitment term. *Id.* at 135. On March 31, 2023, the Board issued its Decision, referring to its decision of February 22, 2023, recommitting Petitioner as a CPV to serve his unexpired term of one year, five months, and two days. *Id.* at 137. The Board did not grant Petitioner any credit for time spent at liberty on parole. *Id.* On April 3, 2023, the Board issued an Order to Recommit Petitioner as a CPV to an SCI at Smithfield to serve his backtime[1] of one year, five months, and two days. *Id.* at 139. He received credit for one day, September 24 to 25, 2020. *Id.*

Petitioner submitted two *pro se* administrative appeals. In his administrative appeals Petitioner objected to receiving no credit for the time he spent in

___

[1] Backtime is "that part of an *existing* judicially-imposed sentence which the Board directs a parolee to complete following a finding after a *civil* administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole." *Krantz v. Pa. Bd. of Prob. & Parole*, 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984) (emphasis in original).

3

Montgomery County prison in April 2015. He also asserted his new maximum sentence date should have been calculated from his date of arrest on September 25, 2020. The Board entered its Order denying Petitioner's request for relief and affirming its Decision.

Counsel entered her appearance on January 3, 2024, and Petitioner filed a Petition for Review in this Court the same day. In his Petition for Review, Petitioner asserts the Board 1) abused its discretion by denying him credit for time spent at liberty on parole, 2) abused its discretion and miscalculated Petitioner's maximum date when it did not add the backtime he owed to his original maximum sentence date (September 28, 2020), and 3) committed an error of law by failing to credit Petitioner for the time period the Board held him on its warrant. Pet. for Rev., ¶¶ 6, 8, 9. Further, Petitioner argues, under the precedent of *Martin v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980), he is entitled to receive credit for any time he spent incarcerated that is not attributable to his new sentence. Pet for Rev., ¶ 10.

Counsel filed the Application to Withdraw and a *Turner* letter.[2]

## II. *Turner* **Letter and Application to Withdraw**

Before we address the merits of the Petition for Review, we must first address Counsel's *Turner* letter and Application to Withdraw. Where a petitioner seeks our review of a decision of the Board and is represented by counsel, and counsel believes the petitioner's case lacks merit, this Court may permit counsel to withdraw from the representation if, after conducting our own independent review of the issues

---

[2] We use the term "*Turner* letter" in reference to our Supreme Court's decision in *Commonwealth v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988), in which the Court set forth "the appropriate procedures for withdrawal of court-appointed counsel in collateral attacks on criminal convictions." *Turner*, 544 A.2d at 927-29.

4

raised, we determine the petitioner's arguments are, in fact, meritless. *Zerby v. Shanon*, 964 A.2d 956, 960-61 (Pa. Cmwlth. 2009) (relying on *Turner*, 544 A.2d 927). However, to properly withdraw, counsel must first submit a *Turner* letter that "detail[s] the nature and extent of [counsel's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues [are] meritless." *Turner*, 544 A.2d at 928. Additionally, we must confirm Counsel satisfied the following procedural steps: (1) Counsel notified Petitioner of the request to withdraw; (2) Counsel provided Petitioner with a copy of a *Turner* letter; and (3) Counsel advised Petitioner of his right to retain new counsel or file a brief on his own behalf. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). Where counsel satisfies the *Turner* technical requirements, we conduct an independent review of the issues raised and, if we agree with counsel's assessment, we may grant counsel leave to withdraw. *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996).

Here, Counsel's *Turner* letter satisfies *Turner's* technical requirements. Counsel's letter contains a recitation of the relevant factual and procedural history and explains Counsel based the assessment on a "review of the Certified Record, examination of the relevant case law and statutes as well as consultation and correspondence with [Petitioner]." *Turner* Letter at 1. Counsel addresses each of the issues Petitioner raised originally in his administrative appeal and raised again in his Petition for Review. The *Turner* letter states that after a review of the record and applicable law, Counsel concluded Petitioner's challenge to his recalculated maximum sentence date and his entitlement to credit "has no merit." *Id.* at 6. Counsel provided Petitioner a copy of the *Turner* letter informing him of his right to retain substitute counsel and his right to file a *pro se* brief with this Court. *Id.*

5

Counsel satisfied *Turner's* technical requirements and complied with the procedural steps for withdrawal and, accordingly, we now review the merits of the Petition for Review.

### III. Discussion

This Court reviews a decision of the Board denying a parolee's request for administrative relief to determine whether substantial evidence supports the Board's necessary findings of fact, whether the Board committed an error of law, and whether the Board violated a parolee's constitutional rights. *McNally v. Pa. Bd. of Prob. & Parole*, 940 A.2d 1289 (Pa. Cmwlth. 2008). When presented with a question of law, our standard of review is *de novo*, and our scope of review is plenary. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473 (Pa. 2017). In other words, in considering the proper meaning of a given rule of law on appeal, we do not defer to the Board's conclusions of law, and we review the entire record anew. Where the law grants the Board discretion, we also review for an abuse of that discretion. *See id.* at 474. An abuse of discretion occurs when "the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record." *Id.* (quoting *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006)).

First, we address Petitioner's contention the Board abused its discretion when it denied him credit for the time he spent at liberty on parole. *See* Pet for Rev. ¶ 6, The Prisons and Parole Code (Parole Code)[3] provides if the Board determines to recommit a parolee as a CPV, as it did with Petitioner, "the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, except as provided under

---

[3] 61 Pa.C.S. §§ 101-7301.

6

paragraph (2.1), shall be given no credit for the time at liberty on parole." 61 Pa.C.S. § 6138(a)(2). Paragraph 2.1 of Section 6138(a) of the Parole Code sets forth the Board "may, in its discretion, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole." 61 Pa.C.S.§ 6138(a)(2.1).[4]

In *Pittman*, our Supreme Court held that when the Board exercises its discretion under Section 6138(a)(2.1) of the Parole Code, "the Board must articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." 159 A.3d at 474. *Pittman* requires the Board to articulate a reason for denying credit for time spent at liberty on parole because "an appellate court hearing the matter must have [a] method to assess the Board's exercise of discretion." *Id.* Accordingly, our task is to evaluate whether the Board abused its discretion.

This Court has explained, generally, the Board's reasons must be "accurate and related to the parolee's offenses." *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 650 (Pa. Cmwlth. 2018). Further, the Board's reasons must be "documented by the record." *Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207, 1212 (Pa. Cmwlth. 2019).

Here, the Board considered Petitioner's new conviction as an offense "the same or similar to the original offense." C.R. at 137. The Board followed *Pittman* by supplying a rationale for its decision to deny Petitioner credit for time spent at liberty on parole, which rationale was accurate, related to the offense, reasonable, and supported by the record. Accordingly, the Board did not abuse its discretion by denying Petitioner credit for time spent at liberty on parole.

---

[4] Paragraph 2.1 supplies three limitations to the Board's discretion, none of which apply here.

7

Next, we address Petitioner's contention the Board incorrectly calculated his maximum parole violation sentence date by failing to add the backtime he owed on his original sentence (one year, five months, and two days) to his original maximum sentence date of September 28, 2020. Pet for Rev., ¶ 8.

Although Petitioner was arrested on September 25, 2020, he reached the maximum expiration date on his original sentence September 28, 2020. On that date he was no longer under the supervision of the Board. However, the Parole Code permits the Board to revoke parole when a parolee commits a new offense while still on parole. *See* 61 Pa.C.S. § 6138(a)(1). Upon revoking Petitioner's parole, the Board recommitted Petitioner to serve the remainder of the term which he would have been compelled to serve had it not granted parole. 61 Pa.C.S. §6138(a)(2). When the Board recommitted Petitioner as a CPV, he was obligated "to serve the balance of his original state sentence before serving his new state sentence." 61 Pa.C.S. § 6138(a)(5)(i). Further, a CPV must serve his new sentence and the balance of his original sentence consecutively. 61 Pa. C.S. § 6138(a)(5). *Commonwealth v. Dorian*, 468 A.2d 1091 (Pa. 1983).

Petitioner's custody for return, i.e., his availability to commence service of his original sentence, could not occur until the Board revoked his parole. *Campbell v. Pa. Bd. of Prob. & Parole,* 409 A.2d 980 (Pa. 1980). The Board entered its order revoking Petitioner's parole and recommitting him as a CPV on February 22, 2023. The Board, therefore, did not err calculating Petitioner's new maximum date based on the date the Board revoked Petitioner's parole.

Next, we address Petitioner's challenge to the Board's failure to award him credit for the time he served on the Board's warrant. When a parolee is held in custody solely because of a Board's detainer, and he has otherwise met the

8

requirements for bail on new criminal charges, the time spent in custody shall be credited against his original sentence. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). However, a parolee is not entitled to credit toward his original sentence for time spent incarcerated on new criminal charges when he does not post bail on the new charges. *See Harold v. Pa. Bd. of Prob. & Parole*, 797 A.2d 393, 394 (Pa. Cmwlth. 2002); *see also Rice v. Pa. Bd. of Prob. & Parole*, 668 A.2d 233, 235 (Pa. Cmwlth. 1995). Rather, that time becomes a credit toward the new sentence because the parolee is not incarcerated *exclusively* on the Board's warrant. *Id.* The Board granted Petitioner credit for the one day he spent incarcerated *exclusively* on the Board's warrant. C.R. at 139. On September 24, 2020, Petitioner was on parole and the Pottstown Police Department arrested him. The Board issued a Warrant to Commit and Detain the day of Petitioner's arrest because he violated the conditions of his parole. *Id.* at 25. On September 25, 2020, a magisterial district judge set bail on Petitioner's new charges, and Petitioner failed to post bail. Thus, at that time, Petitioner was detained on both the Board's warrant and the new charges. *Id.* at 38. Accordingly, Petitioner was held exclusively on the Board's warrant for only one day. Therefore, the Board did not fail to award Petitioner any credit due to him for the time he served on its warrant.

Lastly, we address Petitioner's contention the Board should have awarded him credit for time he spent incarcerated in Montgomery County before transferring to Berks County for sentencing on his original conviction. *See* Pet. for Rev., ¶ 10; *Turner* Letter at 5-6. Petitioner asserts he was incarcerated in Montgomery County from April 5 through April 28, 2015. This time period predates the imposition of his original sentence on December 14, 2015. *See* C.R. at 1. Likewise, this time period predates the Board's jurisdiction over Petitioner. Any challenge to the

original sentence calculation should be addressed to the sentencing court. *See, e.g.*, *Forbes v. Pa. Bd. of Prob. & Parole*, 931 A.2d 88 (Pa. Cmwlth. 2007) (The Department of Corrections, not the Board, has a duty to calculate sentences in accordance with a sentencing court's orders).

## IV. Conclusion

Based on the foregoing, we conclude Counsel fulfilled the requirements of *Turner*, and our independent review confirms Petitioner's arguments are meritless. Accordingly, we grant Counsel's Application to Withdraw. Additionally, we discern the Board did not abuse its discretion or commit an error of law, and we affirm the Board's Order.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Lucas, :
                Petitioner :
                       :
       v. : No. 1 C.D. 2024
                       :
Pennsylvania Parole Board, :
                Respondent :

# **O R D E R**

**AND NOW**, this 19th day of December 2024, the March 18, 2024 Application for Leave to Withdraw Appearance filed by Dana Greenspan, Esq. is **GRANTED** and the order of the Pennsylvania Parole Board mailed December 4, 2023, is **AFFIRMED**.

_____
STACY WALLACE, Judge